11212

REYNOLDS v. SOVEREIGN CAMP W. O. W.

(117 S. E., 408)

INSURANCE—WHETHER ACCEPTANCE OF PREMIUM BY LOCAL CLERK OF FRATERNAL ORDER KNOWING INSURED HAD CHANGED TO EXTRA HAZARDOUS EMPLOYMENT WAS WAIVER HELD FOR JURY.—Where the local clerk had notice that a member insured in a fraternal order had changed his employment from a nonhazardous employment to that of locomotive engineer, an employment classified as extrahazardous and requiring an extra premium of 30 cents a month, but made no demand for the extra payment, collecting only the initial amount, and this member was killed in a railroad wreck four months later, whether there was a waiver, *held* for the jury.

Before TOWNSEND, J., Greenwood, April, 1921. Reversed and remanded.

Action by Mrs. Bessie Reynolds against Sovereign Camp

NOTE.—The effect of unauthorized change of occupation to extra hazardous by member of mutual benefit association on insurance certificate is discussed in note in 23 A. L. R. 341.

Woodmen of the World. Directed verdict for defendant and plaintiff appeals.

*Messrs. Tillman, Mayes & Featherstone,* for appellant, cite: *Waiver by local clerk:* 102 S. C., 386; 108 S. E., 145; 112 S. E., 44.

*Messrs. Dial & Todd,* for respondent, cite: *Camp clerk had no authority which would empower him to waive any provision of by-laws and constitution:* 1 Civ. Code 1912, Sec. 2755; 95 S. C., 61; 102 S. C., 386; 102 S. C., 413; 107 S. C., 226; 107 S. C., 291; 102 S. E., 721; 263 Fed., 502; 183 N. S., 308; 117 Fed., 369; 180 Pac., 2; 142 Pac., 51; 84 Conn., 356; 140 N. W., 1059; 175 S. W., 212; 196 S. W., 97; 220 S. W., 993; 188 S. W., 941; 85 Pac., 330; 139 Pac., 1138. *Waiver can only be made by home office:* 120 N. W., 994; 183 U. S., 308; 117 Fed., 369; 140 N. W., 1059; 175 S. W., 212.

May 8, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

William E. Reynolds was insured with Sovereign Camp, Woodmen of the World. When the policy was issued, Reynolds was engaged in the ice business. Later he worked for the express company, and finally became fireman on a locomotive engine. Such a position was classed as extra-hazardous and required an extra payment of 30 cents a month. The local clerk was notified of the change of occupation, but did not demand the extra payment, but collected only the initial sum of 90 cents per month. This continued about four months, when Reynolds was killed in a freight wreck. The Association refused to pay and this action was brought. A verdict was directed for the defendant, and the plaintiff appealed. The case of *Crumly v. Sovereign Camp, W. O. W.,* 102 S. C., 386; 86 S. E., 954, and other cases, show that there was evidence enough to carry the case to the

jury on the question of waiver, and it was error to direct a verdict for the defendant.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur, MR. JUSTICE MARION in result.

MR. JUSTICE COTHRAN (dissenting) : There is not a particle of evidence tending to show that the Sovereign Camp or any of its officers waived the conditions of the certificate. Section 2755, Vol. 1, Code, renders it impossible for the local clerk to have done so. Hence, there is no evidence of waiver anywhere. Further, the insured was obligated, upon a change of occupation, to do two things: (1) To notify the local clerk; (2) to pay the extra assessment. There is no evidence that he did either. The fact that the local clerk in an individual capacity knew of the change does not relieve the insured from his obligation. There is no pretense that the extra assessment was paid.